IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN HAMPTON,** | : | **CIVIL NO. 1:15-CV-897** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **JOHN E. WETZEL, STEVEN** | : | |
| **GLUNT, LIPTAK, BRITTIAN,** | : | |
| **COLLINS, SMITH, ROBERT** | : | |
| **MARSH, JR., VARNER, SPENCER,** | : | |
| **CORBET, WOLFE, TUTTLE,** | : | |
| **WHITE, POWNELL,** | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

On May 8, 2015, plaintiff Shawn Hampton ("Hampton"), an inmate currently confined at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, ("SCI-Rockview"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he filed the complaint, Hampton also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, two named defendants will be dismissed, and the complaint will be served on the remaining defendants.

**I.      Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

**II.     Allegations in the Complaint**

Hampton is serving a five to ten year prison sentence in the custody of the Pennsylvania Department of Corrections ("DOC"). (Doc. 1, p. 2). He claims that he will not be eligible for parole until he completes the mandatory sex offender program at SCI-Rockview. (Id.)

Named as defendants are former Governor Corbet (hereinafter referred to by the correct spelling of "Corbett"); Governor Wolfe (hereinafter referred to by the correct spelling of "Wolf"); Secretary John Wetzel; Superintendent Steven Glunt; former Sex Offender Program Director Liptak; current Sex Offender Program Director Brittian; Psychologist/ Sex Offender Program Facilitator Collins; Psychologist/ Sex Offender Program Facilitator Smith; Chief Psychologist Robert Marsh, Jr.; Chief Grievance Officer Varner; Parole Agent Spencer; acting Chairman of the Pennsylvania Board of Probation and Parole Tuttle; former Chairman of the Pennsylvania Board of Probation and Parole White; and, Treatment Specialist Pownell. (Id. at pp. 1-2).

In his complaint, Hampton challenges his expulsion on three occasions from the sex offender program at SCI-Rockview. (Id.) Specifically, Hampton alleges that defendants retaliated against him by removing him from the program for exercising his right to file grievances, and interfered with his ability to complete the program. (Id.) He also alleges that his due process rights were violated based on the requirement that he participate in the program in order to be eligible for parole. (Id.)

As to defendants Corbett and Wolfe, Hampton alleges that he sent letters to them regarding his dissatisfaction with the DOC and the parole board. (Id. at p. 3). He claims that these defendants failed to respond and failed to change the alleged discriminatory policies of the agencies. (Id.)

In his request for relief, Hampton seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (Id. at pp. 3-4).

### III. Discussion

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Hampton fails to state a claim against defendants Corbett and Wolf. To the extent Hampton sues the former Governor and Governor in their official capacities, his complaint fails to state a claim under 42 U.S.C. § 1983. Absent consent by the

4

State, the Eleventh Amendment provides these defendants protection from federal suit in their official capacities.  See MCI Telecommunication Corp. v. Bell Atlantic Pa., 271 F.3d 491, 503-04 (3d Cir. 2001).  The Commonwealth of Pennsylvania has expressly withheld its consent to be sued.  See Lavia v. Pa., Dept. of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Williard v. Pennsylvania, 1996 U.S. Dist. LEXIS 8407, 8420 (E.D. Pa. 1996) (stating it is a "well-established proposition that the Commonwealth of Pennsylvania has not consented to actions against it in federal court, and thus has not waived its Eleventh Amendment immunity from lawsuits by its citizens"); see also 42 Pa. Cons. Stat. § 8521(b).  Further, claims against state officials in their official capacities are suits against the state and thereby barred by the Eleventh Amendment.  See Hafer v. Melo, 502 U.S. 21, 25 (1991).  Therefore, the former governor and governor enjoy Eleventh Amendment immunity from suit for acts taken in their official capacities.

      Moreover, to the extent that Hampton sues these defendants in their individual capacities, his complaint fails to state a claim because he does not allege any personal involvement by them in violation of his civil rights.  Hampton merely alleges that he sent letters to defendants Corbett and Wolf expressing his dissatisfaction with the DOC and the parole board.  The complaint sets forth no additional allegations against these defendants.  Accordingly, defendants Corbett and Wolf will be dismissed from this action.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

**IV.** **<u>Conclusion</u>**

Based on the foregoing, defendants Corbett and Wolf will be dismissed as parties to this action. Hampton's complaint will be served on the remaining defendants.

An appropriate Order follows.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania